CAROL JOHANSSON,

                Plaintiff,

-vs-                                      Case No. 6:09-cv-2053-Orl-19KRS

MICHAEL TROUP EMMONS,

                Defendant.

# ORDER

This case comes before the Court on the following:

1. Motion to Dismiss and Memorandum of Law by Defendant Michael Troup Emmons (Doc. No. 10, filed Jan. 15, 2010); and

2. Opposition to Defendant's Motion to Dismiss and Memorandum of Law by Carol Johansson (Doc. No. 12, filed Jan. 25, 2010.)

## Background

### I. Plaintiff's Allegations[1]

Plaintiff Carol Johansson brings this suit against her ex-husband, Defendant Michael Troup Emmons, who at the time of the alleged events was employed as the Director of Management Information Systems for the Office of the State Attorney of the Ninth Judicial District in and for Orange County, Florida ("MIS Director"). (Doc. No. 1 ¶¶ 5-7, 14.)

In December 2008, Emmons was allegedly arrested and charged by the Seminole County Sheriff's Department with domestic violence battery against Johansson. (*Id.* ¶ 16.) Johansson

---

[1] The facts presented in this Order are derived from the allegations of the Complaint. These facts are included only to provide context and should not be construed as findings of fact.

maintains that Emmons, while on duty and acting in his official capacity as the MIS Director, intercepted and recorded oral communications between her and Emmons without her consent in retaliation for his arrest.  (*Id.* ¶ 19.)  Johansson further alleges that Emmons intimidated, coerced, and threatened her during these recorded communications by making references to domestic violence and demanding that she retract her 911 call.  (*Id.* ¶ 20.)  Johansson asserts that these actions by Emmons instilled fear in her and deterred her from cooperating with the state and testifying against Emmons.  (*Id.* ¶ 21.)

Johansson further contends that Emmons accessed confidential and privileged information of her and her family members by accessing various database systems within the State Attorneys' Office for the Ninth Judicial District ("SAO"), including the Department of Highway Safety and Motor Vehicles ("DHSMV") computer database, the Driver and Vehicle Information Database ("DAVID"), the Florida Crime Information Center ("FCIC"), the Judicial Inquiry System, and other SAO case management systems.  (*Id.* ¶ 23.)  Emmons allegedly disseminated the information he accessed, including social security numbers, driving history, photograps, tag numbers, and license numbers.  (*Id.* ¶ 24.)  Thereafter, an SAO Governmental Accountability Joint Task Force allegedly found probable cause to prosecute Emmons under Florida law for accessing databases without authorization and intercepting oral and wire communications.  (*Id.* ¶ 25.)  Johansson asserts that in March 2009, disciplinary actions were administered against Emmons after the investigation determined that he unlawfully accessed confidential information, misused his public position, and misused his public position for private gain.  (*Id.* ¶ 26.)

Johansson also alleges that Emmons filed a baseless criminal complaint against her in January 2009 for the purpose of deterring her from being a witness for the state or compelling her

to drop the charges against him altogether. (*Id.* ¶ 28.) Johansson maintains that although Emmons acted as a private citizen when he filed the police complaint, he was on duty at the time the complaint was filed, he identified himself to the police as an employee of the SAO, and he attempted to enlist the assistance of the SAO during a one-hour taped police interview by requesting that a police detective speak to the SAO Executive Director. (*Id.* ¶¶ 29-30.) Johansson asserts that the SAO subsequently declined to prosecute Emmons' criminal complaint because it was determined that Emmons filed the complaint merely to retaliate against Johansson for reporting domestic violence. (*Id.* ¶ 31.)

Johansson maintains that at all times material to the aforementioned actions, Emmons was acting under the color of law and in his official capacity as MIS Director. (*Id.* ¶ 13.) Johansson alleges that she has suffered economic loss, embarrassment, humiliation, physical harm, emotional trauma, loss of liberty, loss of privacy, and irreparable harm to her reputation as a result of Emmons' actions. (*Id.* ¶ 33.)

## II. Procedural History

Johansson filed a six-count complaint against Emmons alleging: (1) interception of oral and wire communications in violation of 42 U.S.C. § 1983; (2) unauthorized access of databases in violation of 42 U.S.C. § 1983; (3) misuse of public position in violation of 42 U.S.C. § 1983; (4) witness tampering in violation of 42 U.S.C. § 1983; (5) invasion of privacy in violation of 42 U.S.C. § 1983; and (6) intentional infliction of emotional distress. (Doc. No. 1.)

Emmons moves to dismiss the Section 1983 claims in Counts I - V of the Complaint for failure to state a claim upon which relief can be granted. (Doc. No. 10 at 3.) Emmons further

maintains that if all federal claims are dismissed, the pendent state law claim in Count VI should also be dismissed. (*Id.*) Johansson filed a response in opposition. (Doc. No. 12.)

**Standard of Review**

**I. Motion to Dismiss**

In determining the merits of the motion, a court must "accept all factual allegations in the complaint as true." *Tellabs, Inc.*, 551 U.S. at 323. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Once a court "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," the court must next determine whether the well-pled facts "'state a claim to relief that is plausible on its face.'" *Id.* at 1949-50 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citation omitted). As the United States Supreme Court explained:

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* at 1949 (quotation marks and internal citations omitted) (quoting *Twombly*, 550 U.S. at 557). On a Rule 12(b)(6) motion to dismiss, when a court considers the range of possible interpretations

of the defendant's alleged conduct, if the "more likely explanations" involve lawful, non-actionable behavior, the court should find that the plaintiff's claim is not plausible. *Id.* at 1950-51.

## Analysis

**I. Counts I - V: Claims for Damages Pursuant to 42 U.S.C. § 1983**

Emmons argues that the Section 1983 claims in Counts I - V must be dismissed because Plaintiff does not allege a violation of federal rights. (Doc. No. 10 at 3.) Johansson asserts in response that she has alleged a violation of her rights under the Fourth and Fourteenth Amendments to the United States Constitution on each of the challenged counts. (Doc. No. 12 at 8-12.)

Section 1983 imposes liability on any person who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution or laws." 42 U.S.C. § 1983 (2010). Accordingly, a well-pled Section 1983 claim alleges: (1) a deprivation of rights, privileges, or immunities secured by the United States Constitution or federal law; and (2) that the deprivation occurred under the color of state law.[2] *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998) (internal citations omitted). As to the first element, plaintiff need not plead the precise federal right underlying her claims. *See Sams v. United Food and Commercial Workers Int'l Union*, 866 F.2d 1380, 1384 (11th Cir. 1989) ("A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests."). However, a Section 1983 claim is not sufficiently pled and must be dismissed if the Court cannot reasonably infer from the alleged facts that a federal right has been violated. *See Iqbal*, 129 S. Ct. at 1949.

---

[2] Emmons does not argue that Plaintiff has failed to sufficiently plead the second element of a Section 1983 claim.

### A. Count I: Interception of Oral and Wire Communications

Johansson asserts that the facts alleged in Count I plausibly establish that Emmons violated her rights under the Fourth and Fourteenth Amendments. (Doc. No. 12 at 8.) Johansson avers that Emmons, in his official capacity as MIS Director, misappropriated state property and made a series of unlawful interceptions of oral communications without her consent. (Doc. No. 1 ¶ 37.) Johansson further maintains that Emmons took these actions in retaliation for Plaintiff reporting domestic violence battery to the police and that Emmons intimidated, coerced, and threatened her during the recordings. (*Id.* ¶¶ 20, 38-39.) In light of Johansson's allegation that Emmons threatened her during the recordings, it must be concluded in the absence of contrary allegations that the only communications of Johansson that Emmons recorded were communications between Johansson and Emmons.[3]

#### 1. Fourth Amendment

The Fourth Amendment is applicable to state actors under the Due Process Clause of the Fourteenth Amendment. *Mapp v. Ohio*, 367 U.S. 643, 655 (1961). Even if Emmons is sufficiently alleged to be a state actor, it is clear that Johansson's Fourth Amendment right to privacy was not violated under the alleged facts. An individual has a legitimate expectation of privacy protected by the Fourth Amendment if she: (1) exhibits an actual expectation of privacy; and (2) the privacy expectation is one that society is prepared to recognize as reasonable. *United States v.*

---

[3] The Charging Affidavit attached to the Complaint also supports this conclusion. (*See* Doc. No. 1-1 at 2) (charging Emmons with "recording several (5) phone calls to and from his estranged wife . . . without her knowledge or consent while he was at the office of the State Attorney where he is employed").)

*Segura-Baltazar*, 448 F.3d 1281, 1286 (11th Cir. 2006). Thus, Johansson must have both a subjective and an objectively reasonable expectation of privacy. *Id.*

Johansson had no objectively reasonable expectation that Emmons would not record their conversations because one who converses with another knowingly takes the risk that the other might record the conversation. *Koran v. United States*, 408 F.2d 1321, 1323 (5th Cir. 1969);[4] *Williams v. Carney*, 157 F. App'x 103, 107 (11th Cir. 2005). By speaking to Emmons, Johansson knowingly took the risk that Emmons would record their conversations, and thus Emmons did not violate Johansson's Fourth Amendment privacy rights by recording their conversations.

### 2. Fourteenth Amendment - Substantive Due Process

Emmons' alleged recordings do not implicate Johansson's substantive due process right to privacy under the Fourteenth Amendment, *Williams*, 157 F. App'x at 107, and Johansson's allegation that Emmons made the recordings in violation of Florida law and SAO regulations does change that result. (Doc. No. 1 ¶¶ 19, 38.) Because state-created rights are not "fundamental," an alleged violation of state law cannot establish a violation of the right to privacy protected by substantive due process. *See McKinney v. Pate*, 20 F.3d 1550, 1560 (11th Cir. 1994) ("Because employment rights are state-created rights and are not "fundamental" rights created by the Constitution, they do not enjoy substantive due process protection."); *Greenbriar Vill., LLC v. Mountain Brook, City*, 345 F.3d 1258, 1262-63 (11th Cir. 2003) ("[N]on-legislative deprivations of state-created rights . . . cannot support a substantive due process claim."); *see also Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 229 (1985) (Powell, J., concurring) ("While property interests are

---

[4] The Eleventh Circuit Court of Appeals adopted as binding precedent all prior decisions of the former Fifth Circuit Court of Appeals issued prior to October 1, 1981. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

protected by procedural due process even though the interest is derived from state law rather than the Constitution . . . substantive due process rights are created only by the Constitution.").

### 3. Fourteenth Amendment - Procedural Due Process

"Procedural due process requires notice and an opportunity to be heard before any governmental deprivation of a property interest." *Zipperer v. City of Fort Myers*, 41 F.3d 619, 623 (11th Cir. 1995). "Property interests are not created by the Constitution, but are defined by existing rules or understandings that stem from an independent source such as state law." *Id.* Thus, the Court must look to Florida law in order to determine if Johansson had a property right to the confidentiality of her telephone conversations with Emmons. *See id.* (citing Florida law for the proposition that a mortgage is property).

Emmons was allegedly charged by the SAO with intentionally recording and intercepting five phones calls to Johansson, in violation of Section 934.03(1)(a), Florida Statutes (2009). (Doc. No. 1-1 at 2.) This statute imposes a criminal penalty, and it does not create a property right. Fla. Stat. § 934.03. In addition, the Court has found no other Florida law creating a property right to the confidentiality of telephone conversations. Therefore, Johansson's right to procedural due process was not violated under the alleged facts.

In summary, because the alleged facts do not plausibly establish the violation of any federal right, Plaintiff's Section 1983 claim in Count I should be dismissed.

### B. Count II: Unauthorized Access of Databases

Johansson maintains that the facts alleged in Count II plausibly establish a violation of Johansson's Fourth and Fourteenth Amendment rights by Emmons. (Doc. No. 12 at 9.) Johansson alleges that Emmons unlawfully accessed confidential and privileged information of her and her

family members through various databases available to Emmons through his position as MIS Director. (Doc. No. 1 ¶ 47.) Johansson further maintains that Emmons disseminated this information to third parties and that the SAO, Emmons' employer, disciplined Emmons for his actions. (*Id.* ¶¶ 13, 48, 51.)

### 1. Fourth Amendment

As with the previous claim, Johansson must have held an objectively reasonable expectation of privacy in the information accessed by Emmons. *See United States v. Miller*, 425 U.S. 435, 440 (1976) ("[N]o interest legitimately protected by the Fourth Amendment is implicated . . . unless there is an intrusion into a zone of privacy, into the security a man relies upon when he places himself or his property within a constitutionally protected area.") (internal quotations omitted). Johansson's allegation that the information accessed by Emmons was "confidential and privileged" is a legal conclusion, and thus it cannot be considered by the Court for purposes of this Motion. *See Iqbal*, 129 S. Ct. at 1949-50. Accordingly, the Court looks to the nature of Johansson's[5] information allegedly accessed by Emmons in order to determine if Johansson could have reasonably held an expectation of privacy in that information.

Emmons allegedly accessed and disseminated Johansson's social security number, driving history, photographs, tag number, and driver's license number by accessing the DHSMV computer database, the DAVID, the FCIC, the Judicial Inquiry System, and other SAO case management systems. (Doc. No. 1 ¶¶ 23-24.) There is no reasonable expectation of privacy in the business

---

[5] Because Fourth Amendment rights are personal, Johansson could not have held an objectively reasonable expectation of privacy in the information of other persons. *See United States v. Vasquez-Padilla*, 330 F. App'x 883, 887 (11th Cir. 2009); *United States v. Cooper*, 203 F.3d 1279, 1284 (11th Cir. 2000). Therefore, Johansson cannot claim damages under Section 1983 for violations of other persons' Fourth Amendment rights.

records of third parties exposed to employees in the ordinary course of business. *See Miller*, 425 U.S. at 440 (distinguishing bank records from "private papers" protected by the Fourth Amendment because a person has no possessory or ownership interest in a bank's records); *id.* at 442 (noting that there can be no reasonable expectation of privacy in information exposed to employees in the ordinary course of business); *see also United States v. Willis*, 759 F.2d 1486, 1498 (11th Cir. 1985) (noting that a customer has no Fourth Amendment privacy interest in his records possessed by a motel, bank, or phone company). Because the documents attached to the Complaint imply that the databases accessed by Emmons were typically accessed for legitimate business purposes of the SAO, Johansson could not have held a reasonable expectation of privacy in the information contained in those databases. (*See* Doc. No. 1-1 at 10-11 ("Unauthorized use [of DAVID] includes, but is not limited to, queries not related to a legitimate business purpose . . . . Access to the Judicial Inquiry System is also restricted to inquiries and usage for bona fide criminal justice purposes. . . . Emmons was approved for DAVID certification and JIS access as MIS Director so that he might better understand problems that inadvertently occur with other users in [the SAO].") Accordingly, Emmons' alleged access of Johansson's records did not violate her Fourth Amendment rights.

### 2. Fourteenth Amendment - Substantive Due Process

The alleged facts also do not plausibly establish a violation of Johansson's right to privacy under the substantive due process clause of the Fourteenth Amendment. The right to privacy under the Fourteenth Amendment is narrowly construed and is limited to rights which are "fundamental" or "implicit in the concept of ordered liberty." *Paul v. Davis*, 424 U.S. 693, 713 (1976). The right to privacy encompasses two distinct interests: (1) the individual interest in avoiding disclosure of personal matters; and (2) the interest in independence in making certain kinds of important

decisions. *Whalen v. Roe*, 429 U.S. 589, 598-600 (1977). The right to confidentiality is at issue here. (*See* Doc. No. 1 ¶ 24 (alleging that Emmons disseminated Johansson's personal information to third parties).)

To violate the right to confidentiality under the Fourteenth Amendment, the information disclosed must be either a shocking degradation or an egregious humiliation to further some specific state interest, or a flagrant breach of a pledge of confidentiality which was instrumental in obtaining the personal information. *Nunez v. Pachman*, 578 F.3d 228, 232 n.8 (3d Cir. 2009) (quoting *Alexander v. Peffer*, 993 F.2d 1348, 1350 (8th Cir. 1993)). The information accessed by Emmons does not meet this standard. In *Lambert v. Hartman*, 517 F.3d 433 (6th Cir. 2008), the plaintiff's identity was stolen through a traffic citation posted on the internet containing her name, signature, home address, birth date, driver's license number, and social security number. *Id*. at 435. The panel in *Lambert* held that the plaintiff had no Fourteenth Amendment privacy interest in this information because she had no fundamental liberty interest in her creditworthiness or a protectable property interest in her personal information. *Id.* at 445. Finding no authority to the contrary and no indication that the Eleventh Circuit would find otherwise, it must be concluded that Johansson, like the plaintiff in *Lambert*, suffered no violation of her right to privacy under the Fourteenth Amendment when Emmons allegedly accessed and disseminated her social security number, driving history, photographs, tag number, and driver's license number.

Further, the facts alleged here are distinguishable from *Kallstrom v. City of Columbus*, 136 F.3d 1055 (6th Cir. 1998), in which the Court held that the city's release of the addresses, phone numbers, and driver's licenses of undercover police officers to the defense counsel of reputedly violent gang members implicated the constitutionally protected liberty interest of the undercover

witnesses to be free from bodily harm. *Id.* at 1063. Johansson alleges no facts from which to conclude that the disclosure and dissemination of her personal information threatened her physical safety or any other constitutionally protected property or liberty interest. Rather, Johansson only alleges that she was harmed and threatened by Emmons prior to his access of her personal information. (Doc. No. 1 ¶¶ 16-17, 23-24.) Thus, the parties do not cite, and the Court does not find, any authority from which it can conclude that Emmons' alleged access and dissemination of Johansson's social security number, driving history, photographs, tag number, and driver's license number would violate Johansson's right to privacy under the substantive due process clause of the Fourteenth Amendment.[6]

### 3. Fourteenth Amendment - Procedural Due Process

Finding no violation of Johansson's right to privacy under the substantive due process clause, the Court now considers Johansson's procedural due process rights. Applying the law of procedural due process discussed above, the Court must look to Florida law in order to determine if Johansson had a property right to the confidentiality of her social security number, driving history, photographs, tag number, or driver's license number. *See supra* Part I.A.3.

Johansson alleges that Emmons violated criminal statutes and SAO policies by accessing and disseminating Johansson's personal information in violation of Florida Statutes § 815.06(1)(a), which prohibits the willful, knowing, and unauthorized access of any computer, computer system, or computer network. (Doc. No. 1 ¶¶ 23-26; Doc. No. 1-1 at 2-3, 8.) The parties do not cite, and

---

[6] Johansson's allegations that Emmons accessed her personal information in violation of Florida law and SAO regulations, (Doc. No. 1 ¶¶ 25-26), does not affect the Court's conclusion that Johansson's right to privacy under the substantive due process clause of the Fourteenth Amendment was not violated under the alleged facts. *See supra* Part I.A.2.

the Court does not find, any authority for the proposition that this statute, by itself or in combination with any other Florida statute, creates a property interest in the confidentiality of Johansson's social security number, driving history, photographs, tag number, or driver's license number.

Comparing the facts alleged here to the lone case discussing whether state law creates a property interest in the confidentiality of driving records, the Court must conclude that Emmons has no property interest in the confidentiality of her personal information allegedly accessed and disseminated by Emmons. In *Hammerstone v. Solebury Twp.*, No. Civ. A. 94-4515, 1994 WL 612794 (E.D. Pa. Nov. 7, 1994), the court held that the plaintiff had a property right in the confidentiality of his driving record based upon, among other things, a Pennsylvania statute prohibiting a police officer from publishing or disseminating information concerning an individual's driving record, 75 Pa. Cons. Stat. § 6114. *Id.* at *3. This Pennsylvania statute is specifically targeted at protecting the confidentiality of driving records,[7] whereas the statute under which Emmons was allegedly charged concerns a much broader spectrum of conduct: unauthorized access of any computer or computer system. Thus, the statute under which Emmons was allegedly charged does not create a property right protected by the right to procedural due process.

Finding no other Florida law targeted to protecting the confidentiality of personal information such as social security numbers, driving histories, photographs, tag numbers, or driver's license numbers, it must be concluded that there is no property interest in the confidentiality of such

---

[7] 75 Pa. Cons. Stat. § 6114(a) states as follows:

It is unlawful for [a]ny police officer, or any officer, employee or agent of any Commonwealth agency or local authority which makes or receives records or reports required to be filed under this title to sell, publish or disclose or offer to sell, publish or disclose records or reports which relate to the driving record of any person.

information under Florida law. Absent a state-created property interest, there can be no violation of Johansson's right to procedural due process under the alleged facts.

In summary, because the Court has found no plausible violation of a federal right in Count II, Johansson's Section 1983 claim in Count II must be dismissed.

### C. Count III: Misuse of Public Position

Johansson asserts that the facts alleged in Count III plausibly establish that Emmons misused his public position by filing a false, baseless, and retaliatory criminal complaint against her while he was on duty as MIS Director and by attempting to enlist the assistance of the SAO by requesting that a police detective call the SAO and speak directly to the SAO Executive Director. (Doc. No. 1 ¶¶ 59-61.) Johansson further asserts that although the state of Florida declined to prosecute Emmons' complaint, Johansson suffered injuries, including legal expenses in defense of the criminal proceedings initiated by Emmons against her. (*Id.* ¶¶ 66-67.)

This claim must be dismissed because the alleged facts do not plausibly establish a violation of any federal right. There is no Fourth Amendment violation here because Emmons's alleged filing of a criminal complaint did not result in a search or seizure. U.S. Const. Amend. IV. In addition, any Section 1983 claim arising under the Fourteenth Amendment requires state action, *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003), and there are no facts from which the court may conclude that Emmons was a state actor when he allegedly filed a baseless criminal complaint against Johansson.[8]

---

[8] Johansson's allegations that Emmons "acted under color of state law" or was a "state actor" when he filed the baseless criminal complaint are legal conclusions and thus cannot be considered by the Court for purposes of this Motion. *Iqbal*, 129 S. Ct. at 1949.

As stated by the Eleventh Circuit in *Focus on the Family*, there are three tests for determining whether state action exists:

> (1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test. The public function test limits state action to instances where private actors are performing functions traditionally the exclusive prerogative of the state. The state compulsion test limits state action to instances where the government has coerced or at least significantly encouraged the action alleged to violate the Constitution. The nexus/joint action test applies where the state has so far insinuated itself into a position of interdependence with the private party that it was a joint participant in the enterprise.

*Id.* (internal quotations omitted). Plaintiff does not cite, and the Court has not found, any authority that the lodging by a private citizen of a criminal complaint with the State Attorney's office constitutes state action under any of these tests. Moreover, "not all torts committed by state employees constitute state action, even if committed while on duty." *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 24 (3d Cir. 1997). "For instance, a state employee who pursues purely private motives and whose interaction with the victim is unconnected with his execution of official duties does not act under color of law." *Id.* Johansson's allegations that Emmons was "on duty" when he lodged a criminal complaint for the purpose of intimidating and retaliating against her, without more, falls squarely within this example of non-state action. (Doc. No. 1 ¶¶ 59-60.) Absent facts plausibly establishing state action, there can be no violation of Johansson's Fourteenth Amendment rights. Finding no violation of federal rights under the alleged facts, the Section 1983 claim in Count III will be dismissed.

### D. Count IV: Witness Tampering

Johansson alleges that Emmons' threats and recorded communications deterred her from cooperating with the state and from testifying against Emmons on the domestic violence battery charges against him. (Doc. No. 1 ¶¶ 72-74.) Although witness tampering is a crime pursuant to 18

U.S.C. § 1512, the parties do not cite, and the Court has not found, any authority that this statute creates a federal right which would support a Section 1983 claim. Even if 18 U.S.C. § 1512 created a federal right, Section 1983 is not a proper remedy for a violation of that statute where Congress foreclosed private enforcement of the statute in the enactment itself. *Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 19 (1981). The federal witness tampering statute only contemplates the criminal penalties of imprisonment and fine, not any private right of action. *See* 15 U.S.C. § 1512(b)-(c) ("whoever [tampers with a witness] *shall* be fined under this title or imprisoned . . . or both"); *id.* § 1512(d) ("In a prosecution for an offense under this section . . . ."). Accordingly, there can be no Section 1983 claim arising from a violation of 15 U.S.C. § 1512, and the Court need not decide whether the alleged conduct violates the federal witness tampering statute. Because Johansson does not offer, and the Court does not find, any federal right plausibly implicated by the alleged facts, Plaintiff's Section 1983 claim in Count IV will be dismissed.

### E. Count V: Invasion of Privacy

The conduct alleged in Count V is duplicates the conduct alleged in Counts I - IV. (*See* Doc. No. 1 ¶¶ 80-86.) Finding no violation of the Fourteenth Amendment right to privacy or any other federal right in Counts I - IV, the Section 1983 claim in Count V will be dismissed.

## II. Count VI: Intentional Infliction of Emotional Distress

Johansson asserts a claim for intentional infliction of emotional distress in Count VI. (*Id.* ¶¶ 87-90.) Emmons argues that this pendent claim arising under state law should be dismissed because Johansson has failed to state a Section 1983 claim in Counts I - V. (Doc. No. 10 at 3-4.)

This Court has supplemental jurisdiction over Johansson's state law claim for intentional infliction of emotional distress if the court has original jurisdiction over a Section 1983 claim in

Counts I - V under 28 U.S.C. § 1331 and if the state law claim for intentional infliction of emotional distress arises out of the same nucleus of operative facts as a Section 1983 claim. 28 U.S.C. § 1367(a); *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006). As discussed above, Plaintiff's Section 1983 claims must be dismissed for failure to state a claim upon which relief can be granted. Accordingly, this Court must decide whether it will continue to exercise supplemental jurisdiction over Plaintiff's state-law claim. *See* 28 U.S.C. § 1367(c)(3) (authorizing a district court to decline adjudication of lingering state-law claims after it has dismissed "all claims over which it has original jurisdiction").

"In deciding whether or not to retain jurisdiction on such an occasion, the trial court must take into account concerns of comity, judicial economy, convenience, and fairness." *Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 257 (1st Cir. 1996). Of aid in this decision is the Supreme Court's admonition that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (footnotes omitted).

Because this case was recently filed, it would not be unfair to require Johansson to pursue her claim for intentional infliction of emotional distress in state court. *See Hardy v. Birmingham Bd. of Educ.*, 954 F.2d 1546, 1553 (11th Cir. 1992) (noting that any delay to a plaintiff's case is outweighed by the benefit of a state court, rather than a federal court, deciding a state law claim). Considerations of judicial economy also militate against the district court maintaining jurisdiction over a single state law claim. *Id.* Accordingly, Johansson's claim for intentional infliction of emotion distress should be dismissed, but she may reassert this claim if a claim arising under this court's original jurisdiction is properly plead in an Amended Complaint.

**Conclusion**

Based on the foregoing, it is **ORDERED** and **ADJUDGED** that the Motion to Dismiss and Memorandum of Law by Defendant Michael Troup Emmons (Doc. No. 10) is **GRANTED**. Counts I - VI of the Complaint are **DISMISSED without prejudice**.

Plaintiff has leave to file an Amended Complaint that comports with this Order within fourteen (14) days from the date of this Order. Failure to comply with this Order may result in dismissal of the case without prejudice and without further notice.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on February 4, 2010.

*[signature]*

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record